# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

ANN TRACY DELEO,                                    CASE NO.: 5:19CV00027-RH-MJF

        Plaintiff,

vs.

RYAN W. HOUK, in his Individual Capacity;
KAREN N. NUSBAUM, in her Individual Capacity;
MICHAEL A. WILLIAMS, in his Individual
Capacity; and
THE CITY OF LYNN HAVEN

        Defendants.

_____/

## <u>PLAINTIFF'S AMENDED COMPLAINT</u>

COMES NOW Plaintiff, ANN TRACY DELEO (hereinafter "DELEO"), by and through
her undersigned attorneys, and hereby files this Complaint against RYAN W. HOUK
(hereinafter "HOUK"), in his Individual Capacity, KAREN N. NUSBAUM (hereinafter
"NUSBAUM"), in her Individual Capacity, MICHAEL A. WILLIAMS (hereinafter
"WILLIAMS"), and in his Individual Capacity, for acts that occurred during the course and
scope of their employment with the CITY OF LYNN HAVEN (hereinafter CITY).

## <u>INTRODUCTION</u>

This civil action arises from an incident that occurred in the early morning hours of
February 4, 2015, during the wrongful and false arrest of Plaintiff DELEO after she was removed
from her vehicle while sleeping. Defendants HOUK, NUSBAUM, and WILLIAMS used
unreasonable and excessive force against Plaintiff DELEO when they

forcibly pulled her out of her vehicle, slammed her head and face against the hood of her vehicle and used an elbow/forearm to the back of her neck to exert additional force. After slamming her head and face on the hood of her vehicle they forcibly put her in handcuffs when she was already under the physical control of the Defendants.

Plaintiff DELEO brings federal constitutional claims against Defendant HOUK, in his individual capacity, Defendant NUSBAUM, in her individual capacity, and Defendant WILLIAMS, in his individual capacity, for committing acts under color of law that deprived Plaintiff of her rights under the United States Constitution and the laws of the State of Florida by using excessive and unreasonable force against the Plaintiff during her wrongful and false arrest and handcuffing. Further, Plaintiff brings federal constitutional claims against the CITY as the supervisory entities responsible for the conduct, training, and supervision of the Police Officers under its charge. The CITY failed to properly train Police Officers in the appropriate methods, proper procedures, and protocols with respect to the use of force when conducting an arrest. Defendant CITY through the Lynn Haven Police Department had a policy and custom that constituted deliberate indifference to the Plaintiff's constitutional rights, and the CITY's policy and custom deprived the Plaintiff of her rights under the Constitution and the laws of the State of Florida, resulting in the use of excessive and unreasonable force during the Plaintiff's wrongful and false arrest and handcuffing. These acts were supported, condoned and approved by the CITY.  Lastly, Plaintiff  brings a negligent retention claim against the CITY for retaining Defendant NUSBAUM despite her history of internal affairs complaints.

## <u>JURISDICTION AND VENUE</u>

Plaintiff in this action seeks relief under the Fourth and Fourteenth Amendments of the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. § 1983, including compensatory damages, punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C.

§1988.

1.      Venue is proper in the Northern District Court of Florida, pursuant to 28 U.S.C. §
1391(b), as all Defendants work and/or reside in this District, and all of the acts and omissions
giving rise to this action occurred in Bay County, Florida.

2.      The Court has federal question jurisdiction over Plaintiff's federal law claims,
pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). Plaintiff's state law claims are related to these
federal claims and form a part of the same case or controversy. The Court accordingly has
supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a).

3.      All conditions precedent to the maintenance of this action, including those set
forth in Florida Statute § 768.28, have been performed, have occurred prior to its institution, or
have been waived.

## PARTIES

4.      At all times material hereto, Plaintiff DELEO was a resident of Santa Rosa
County, Florida, and is otherwise sui juris. DELEO is a 53 year-old female, who worked for
Horizon Design Building as an independent contractor. At the time of this incident, Plaintiff was
performing carpentry work throughout Bay County and the surrounding counties. As a result of
this incident and the injuries sustained, Plaintiff was no longer able to continue the work she had
been engaged and employed to perform.

5.      At all times material hereto, Defendant HOUK was employed as a Certified
Sworn Law Enforcement Officer for the Defendant CITY and was acting under the direction and
control of LHPD, in such capacity information and belief, and at all times material hereto,
Defendant HOUK participated in the unconstitutional violations and other wrongful acts that
occurred in the early morning hours of February 4, 2015, at which time he was acting within the
course and scope of his employment under color of state law. HOUK is and was a resident of the
State of the Florida and is otherwise sui juris.

6.     At all times material hereto, Defendant NUSBAUM was employed as a Certified Sworn Law Enforcement Officer for the Defendant CITY and was acting under the direction and control of LHPD, in such capacity as an agent, servant, and employee of LHPD. Upon information and belief, and at all times material hereto, Defendant NUSBAUM participated in the unconstitutional violations and other wrongful acts that occurred in the early morning hours of February 4, 2015, at which time she was acting within the course and scope of her employment under color of state law. NUSBAUM is and was a resident of the State of the Florida and is otherwise sui juris.

7.     At all times material hereto, Defendant WILLIAMS was employed as a Certified Sworn Law Enforcement Officer for the Defendant CITY and was acting under the direction and control of LHPD, in such capacity as an agent, servant, and employee of LHPD. Upon information and belief, and at all times material hereto, Defendant WILLIAMS participated in the unconstitutional violations and other wrongful acts that occurred in the early morning hours of February 4, 2015, at which time he was acting within the course and scope of his employment under color of state law. WILLIAMS is and was a resident of the State of the Florida and is otherwise sui juris.

8.     At all times material hereto, the Defendant, CITY is a municipality in the State of Florida located within Bay County, Florida.  The Defendant CITY is a political subdivision of the State of Florida, by and through the City of Lynn Haven Commission, is responsible for the actions of the LHPD and its personnel and responsible for supervising, training, instructing, and controlling the conduct and actions of the officers and staff of the LHPD, and to ensure said officers and staff obey the laws of the State of Florida and the United States.

9.     The City of Lynn Haven Commission further oversees, manages and at all times material hereto responsible for the negligence of its employees and agents, including those employed by and acting as agents for its law enforcement agency, known as the LHPD.

10.     Defendant CITY is also charged with promulgating all orders, rules, instructions, and regulations of the LHPD. Defendant CITY'S principal office is located at 108 East 9th Street, Lynn Haven, Florida 32444.

11.     Plaintiff DELEO sues Defendant HOUK in his individual capacity.

12.     Plaintiff DELEO sues Defendant NUSBAUM in his individual capacity.

13.     Plaintiff DELEO sues Defendant WILLIAMS in his individual capacity.

## **FACTUAL ALLEGATIONS**

*Events That Occurred on February 4, 2015*

14.      In the early morning hours of February 4, 2015, and continuing into the early morning hours of February 4, 2015, Defendants HOUK, NUSBAUM, and WILLIAMS, during the course and scope of their employment with LHPD, arrived at the parked vehicle of Plaintiff DELEON near 2711 Ravenwood Court in Lynn Haven, Florida.

15.      DELEO earlier that evening (February 3, 2015) had returned to the home of her friend located at 2711 Ravenwood Court who she was doing some flooring work at the home and had planned to continue the flooring work the following day. Once she arrived at the home she parked her truck in an open space adjacent to the house which she had parked the truck for the previous six (6) months she had been coming to Lynn Haven.

16.      DELEO arrived at her friend's home at approximately 6:00 p.m., on (February 3, 2015). Once there DELEO and her friend prepared their dinner and ate dinner. After dinner, they cleaned the kitchen, started a fire in the fireplace, and started a movie. About twenty (20) minutes into the movie DELEO's friend's son came out and asked if they could check his head because it was itching. Upon her checking his head she confirmed that he contracted lice and they immediately went to Walgreens at approximately 9:15 p.m., to purchase shampoo for treatment as well as spray for the bedding and house.

17.      Upon returning to the house, DELEO and her friend removed all of the bedding,

did the laundry and cleaning. DELEO and her friend cleaned for over an hour trying to remedy the issue.

18.     After cleaning DELEO and her friend had a glass of wine and they talked for a while. After talking, DELEO did not want to risk contracting the lice and she decided it would be better for her to sleep elsewhere. At which point she decided to go outside and sleep in her truck.

19.     As DELEO was sleeping in the truck she heard a knock on her window and saw a bright light in her face. After DELEO focused she realized that it was police officers at her truck. Defendant WILLIAMS then asked DELEO what she was doing and she responded "sleeping." At this point DELEO's door was being pulled open by Defendant NUSBAUM who was grabbing her arm and telling DELEO to get out of the truck. Before DELEO could exit the vehicle voluntarily, Defendant NUSBAUM was dragging her out of the truck. DELEO asked Defendant NUSBAUM what was she doing and why was she pulling her out of the truck?

20.     The Defendants then asked DELEO for her Driver's License, which she complied and stated that she was not driving and attempted to explain why she was there sleeping in her truck, however, Defendant NUSBAUM told her "not tonight your aren't" meaning she was not sleeping in the truck tonight.

21.     Once DELEO was pulled from the vehicle by the Defendants, she began asking the Defendants what was she being arrested for and stating that she had done nothing wrong. DELEO was placed in front of the patrol car and remained there until the officers approached.

22.     As DELEO was standing in front of the patrol car, she was not swaying, staggering, stumbling, nor was she using the patrol car for balance as most intoxicated individuals will do in this situation. At all times DELEO was standing asking and answering questions and she was not making any threatening gestures nor did she make a threatening posture. Either Defendant WILLIAMS or Defendant NUSBAUM began asking DELEO if she would perform the Field Sobriety Exercises and/or submit to a breath test. DELEO declined

both.

23.     After DELEO declined she was told that she was going to be arrested for DUI,

DELEO then asked why along with other questions. At this point Defendants NUSBAUM and

WILLIAMS began to grab and jerk DELEO by her arms and wrist to place her in the cuffs.

Defendants NUSBAUM and WILLIAMS gained control of DELEO and had her arms behind her

back when for some unknown reason Defendant HOUK joined in while DELEO was already in

the control of NUSBAUM and WILLIAMS. Defendant HOUK grabbed DELEO'S left arm in an

awkward position and smashed DELEO'S face and head into the hood of the car. Once he

smashed her head into the hood, he then jams his left elbow into her neck. Defendant HOUK

then maneuvers his left elbow to where he is jamming more of his left forearm into her neck,

once he has his forearm jammed into her neck; Defendant HOUCK makes another maneuver

where he places his right arm onto his left forearm applies additional and excess force to

DELEO'S neck. Due to the force of this impact, DELEO lost control of her body and sustained

serious injuries to her neck.

24.     Once this encounter was over DELEO was transported to the Lynn Haven Jail

and then to the Bay County Jail where she was charged with Driving Under the Influence and

Resisting and Officer without Violence.

25.     A No Information was entered to the charges on March 26, 2015.

26.     Following this incident and as a result of the serious injuries received by

DELEO she was unable to perform the type of physical work that she had been performing prior

to this incident. DELEO suffered serious injuries to her neck/spine which required surgery. She

lost her primary source of income and it has been difficult for her to find other employment even

after the surgery, as no companies want to take the risk of hiring her as she is now viewed as

damaged goods.

27.     The police reports prepared by Defendants WILLIAMS and NUSBAUM for

submission to prosecuting authorities contained false statements and/or material omissions, and these police reports included a fabricated chain of events that was the result of collusion between all the officers involved.

28.     The conduct of Defendants HOUK, NUSBAUM, and WILLIAMS occurred under the color of State Law.

29.     Due to all three Defendants' lack of fear that any of their colleagues would find their actions improper and report them for improper conduct and the lack of discipline or consequences toward those who wantonly violated Plaintiff's rights, it is clear that the actions of Defendants HOUK, NUSBAUM, and WILLIAMS reflect a custom, policy, and practice of Defendant CITY.

30.     Taking Plaintiff's allegations as true, since none of the officers reported anything improper or unusual to their superiors, it is clear that all of the officers on the scene consider violation of rights and inflicting violence upon a non-threatening arrestee they arrest or that are involved in an arrest to be standard procedure and consistent with the policy, custom, practice, and training of LHPD.

31.     LHPD's Internal Affairs investigation into the incident found no wrongdoing and thus condoned all actions taken by their officers upon Plaintiff.

32.     DELEO's civil rights pursuant to the Fourth Amendment were violated with the use of excessive force by Defendants HOUK, NUSBAUM, and WILLIAMS, when DELEO had her face/head forcibly slammed onto the hood of the patrol car, Defendant HOUK's forearmed jammed into her neck, and forcibly placed in handcuffs when she was already under the physical control of the Defendants NUSBAUM and WILLIAMS.

33.     Defendant CITY knew or should have known the dangerous propensities of Defendants HOUK, NUSBAUM, and WILLIAMS to engage in unlawful conduct, including the use of excessive force, in their employment as officers for LHPD, based on their prior unlawful

conduct.

*Common Practice for LHPD*

34.     On a daily basis, police officers come into contact with non-threatening individuals who may later become arrestees during their patrolling duties. Despite this daily contact, Defendant CITY made no effort to adequately train and supervise said officers. In order to deal adequately deal with the certainty of police contact with non-threatening arrestees, Defendant CITY is charged with supplying the public with a police force that is adequately trained and equipped to handle calls dealing with and engage with those who are non-threatening.

35.     Defendant CITY was aware that there needed to be effective supervision and a command structure in place to deal with the problem of responding to incidents or engaging with non-threatening individuals. Defendant CITY failed to provide adequate supervision of its officers in the field when said officers encounter those who are non-threatening.

36.     At all times material hereto, Defendant CITY was responsible for adopting and implementing the rules and regulations specifically in relation to hiring, screening, training, supervising, controlling, disciplining, and assigning officers to their respective duties within Lynn Haven, Florida.

37.     Defendant CITY has maintained a custom of excessive force in executing arrests by its sworn law enforcement officers. At all times material hereto, under LHPD General Order(s): 2.2 Code of Ethics, 2.6 Arrest Procedures, Limits of Authority and Discretion, 4.1 *Use of Force, Use of Non-Deadly/Less Lethal Force, officers may use only the amount of force reasonably necessary to affect lawful objectives and can only escalate to the next level of force that is justified considering the amount of resistance given and the potential of injury of the subject by using that type of control.* 13.2 Professional Conduct and Responsibilities, 13.5 Unlawful Conduct Offenses and/or 13.6 Improper Conduct Offenses.

38.     Defendant CITY'S actions in this case and previous similar situations indicate a policy and custom of indifference to the rights of those they arrest who are non-threatening and a failure to properly train and/or supervise their officers in how to deal with non-threatening individuals being arrested. Defendant CITY'S refusal to adequately train its officers on how to interact with non- threatening individuals—and Defendant CITY'S failure to supervise those officers—has resulted in the infliction of excessive violence upon non-threatening individuals and the violation of their constitutional rights. This lack of training and supervision causes these ill-trained and ill- equipped officers to resort to the use of excessive force as their only alternative.

39.     Further, there has been a pattern of similar incidents in which citizens were falsely arrested, injured, or endangered by the intentional and/or negligent misconduct of LHPD officers, revealing serious incompetence or misbehavior that is general or widespread throughout the department.

40.     An Example of the above referenced pattern of similar incidents that occurred prior to the incident alleged in this Complaint are as follows:

a.   On or about September 15, 2014, in Lynn Haven, Florida, LHPD officers arrived at a home for a routine domestic relations call. Once on the scene, the officers were allegedly making threats to the complainants. During the course of the officers interactions with the residents of the home there continued to be requests made by the complainant, however, nothing was done. All residents were acting in a non-threatening manner and during the conversation between the residents, Defendant NUSBAUM unnecessarily pulled her taser on one of the residents. Defendant CITY took no disciplinary action against Defendant NUSBAUM or the other officers who inflicted this threat of excessive  force, and Defendant CITY failed to properly investigate her actions due to the custom, practice, and policy of using unnecessary excessive force during arrests.

41.     Defendant CITY has maintained a long-standing, widespread history of failure to train, supervise, or otherwise discipline its police officers for, among other things, the use of excessive force, unlawful detentions, and/or arrests even though it had notice of this unlawful conduct by its employees and the public.

42.     Defendant CITY has maintained a system of review for abuses of lawful authority like the illegal use of force, unlawful detention, and/or arrests, among other things, by sworn law enforcement officers and complaints thereof, which has failed to identify improper use of force by police officers and to subject police officers who employed such acts to appropriate discipline, closer supervision, and/or retaining, to the extent that it has become the de facto policy and custom of Defendant CITY and LHPD to tolerate such acts by its officers.

43.     Indeed, Defendant CITY routinely performs cursory investigations of incidents involving extremely questionable use of excessive force on the part of LHPD officers, with an eye toward exonerating the officer(s) involved rather that finding the truth. Almost uniformly, investigators and supervisors uncritically endorse the officers' versions of events, even when those versions are incomplete, inconsistent, or are in direct contradiction of objective evidence. The result  is that these incidents involving questionable use of force are not properly and impartially investigated, documented or addressed with corrective measures where warranted.

44.     Due to this intentionally inadequate investigative process, in virtually all excessive force incidents, Defendant CITY has declared the conduct of its officers to be justified, particularly in those involving non-threatening detainees or individuals.

45.     Defendant CITY'S foregoing acts, omissions, policies, or customs caused law enforcement officers, including Defendants HOUK, NUSBAUM, and WILLIAMS, to believe that acts such as the improper use of force, unlawful detentions, unlawful arrests and improper handling of incidents involving non-threatening detainees or individuals, would not be properly

investigated. The consistent lack of accountability with LHPD for the questionable and often unjustifiable use of excessive force has promoted an acceptance of disproportionate, aggressive, and unconstitutional behavior towards ordinary citizens. The resulting culture of aggression both promotes and condones intimidating harsh approaches toward the citizens, with excessive use of force as a frequent and foreseeable outcome.

46.     Despite Defendant CITY'S notice and knowledge of the dangerous propensities of their sworn law enforcement officers because of said officers lack of training, skill and/or experience, Defendant CITY failed to implement any policies or programs to train said officers or otherwise intentionally failed to protect the public, including the Plaintiff, from its danger.

47.     Defendant CITY had policies, customs, and practices that constituted deliberate indifference to Plaintiff's Constitutional Rights pursuant to the Fourth and Fourteenth Amendments, and Defendant CITY'S policies and customs caused the violation of Plaintiff's rights and/or was the moving force behind such Constitutional violations as indicated by the facts described above.

48.     Defendant CITY'S deliberate indifference towards DELEO, who was non-threatening, led to DELEO being slammed face first, with a forearm to the back of her neck into the hood of the police vehicle and forcibly put in handcuffs when she was already under the physical control of the Defendants.

49.     The policies, customs, and practices complained of include, but are not limited to, the following:

      a.  Deliberate indifference by failing to institute an appropriate policy for the detention of non-threatening arrestees and by failing to enforce such a policy, if such a policy was in place;

      b.  Deliberate indifference by failing to ensure that Defendant CITY'S employees

were sufficiently trained or otherwise educated in the extension and management of non-threatening arrestees from the perspective of the arresting officer(s), dispatch officers and supervising or managing officers;

   c. Deliberate indifference by failing to provide sufficient supervision of the arrest in question and by failing to monitor the arrest in question;

   d. Deliberate indifference by improperly training LHPD Deputies in such a way that condones, encourages, and permits their officers and agents to violate the rights and inflict harm upon persons being arrested;

   e. Deliberate indifference in failing to properly supervise LHPD Deputies in their encounters with persons they arrest;

   f. Deliberate indifference in failing to have Deputies properly reviewed for accurate use of force of incidents involving force used against arrested persons and non-threatening arrestees, with conclusions frequently permitted to be drawn on the basis of clearly incorrect or contradictory information; and

   g. Deliberate indifference in failing to determine whether said employees, including Defendants HOUK, NUSBAUM, and WILLIAMS, posed a threat to the public as a result of their propensity to commit unlawful acts.

   50. The Defendant CITY was grossly and willfully negligent in the selection and/or training and/or supervision and/or retention of Defendants HOUK, NUSBAUM, and WILLIAMS as sworn law enforcement officers of the LHPD, in that:

   a. It appointed said Defendants as sworn law enforcement officers when it knew or, in the exercise of reasonable care, should have known of the Defendants dispositions to engage in such unlawful conduct.

   b. Despite the fact that it knew or should have known that this pattern of conduct was being carried out by its agents and employees, Defendant CITY has failed to and refused

to: (1) remove Defendants HOUK, NUSBAUM, and WILLIAMS from their positions as sworn law enforcement officers; (2) take any disciplinary action against said Defendants; and (3) provide redress for citizens, such as the Plaintiff, who have been injured thereby.

51.     Defendant CITY'S deliberate indifference, failure to train, failure to effectively supervise, and its permission (and toleration of) the patterns and practices enumerated above, were the moving forces causing the serious injuries to Plaintiff and the violation of Plaintiff's Constitutional Rights.

52.     The actions of Defendants HOUK, NUSBAUM, and WILLIAMS in this case, as well as the actions of Defendant CITY in other similar situations, indicate that the officers who violated DELEO's rights acted in accordance with Defendant CITY'S policies and reflect policies that were adopted by LHPD and their high ranking officials.

53.     The failure of Defendant CITY to competently investigate use of force incidents and encounters with non-threatening arrestees, and to institute appropriate disciplinary and retraining action in the wake of them, serves to tacitly condone the egregious misconduct of the officers involved. The agency's inaction in this regard effectively annuls its official general orders regarding the use of force and substitutes in their place a permissive de facto policy and custom of tolerating excessive force, which will invariable have the effect of promoting similar misconduct by other deputies in the future. In sum, the pattern and practice of the excessive  use of force on the part of LHPD officers stems from systemic deficiencies in training and supervision and from the inadequate investigation and routine ratification of deadly and excessive force.

## COUNT I

### 42 U.S.C. § 1983 – Excessive Use of Force By Defendant HOUK

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 5, 11, and 14 through 33 as if fully set forth herein.

54.     The force used by Defendant HOUK against Plaintiff during the course of Plaintiff's arrest was objectively inhumane and unnecessary, and constituted the unreasonable and excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

55.     Defendant HOUK used unreasonable and excessive force against Plaintiff, with a depraved indifference to human life and conscious disregard for the safety of the general public, when he forcibly slammed Plaintiff's face/head down onto the hood of the vehicle with his forearm on the back of her neck and forcibly put Plaintiff in handcuffs when she was already under the physical control of the Defendants.

56.     Defendant HOUK committed the acts described hereinabove in a gross disregard of Plaintiff's constitutional rights while acting under color of law, and specifically deprived Plaintiff of her constitutional right to be free from excessive police force under the Fourth Amendment.

57.     As a result of Defendant HOUK's outrageous conduct, Plaintiff required medical care which included surgery.

58.     As a further direct and proximate result of Defendant HOUK's conduct, Plaintiff suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment for compensatory damages in excess of $200,000.00;

b.      Judgment for exemplary or punitive damages;

c.      Cost of suit;

d.      Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

e.      Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II

### 42 U.S.C. § 1983 – Excessive Use of Force By Defendant NUSBAUM

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 6, 12, and 14 through 33 as if fully set forth herein.

59.     The force used by Defendant NUSBAUM against Plaintiff during the course of Plaintiff's arrest was objectively inhuman and unnecessary, and constituted the unreasonable and excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

60.     Defendant NUSBAUM used unreasonable and excessive force against Plaintiff, with a depraved indifference to human life and conscious disregard for the safety of the general public, when Defendants NUSBAUM and WILLIAMS forcibly removed Plaintiff from her vehicle and assisted Defendant HOUK in slamming Plaintiff's face/head onto the hood of the vehicle of his car with his forearm on the back of Plaintiff's neck who is small in stature and forcibly put Plaintiff in handcuffs when she was already under the physical control of the Defendants.

61.     Defendant NUSBAUM committed the acts described hereinabove in a gross disregard of Plaintiff's constitutional rights while acting under color of law, and specifically deprived Plaintiff of her constitutional right to be free from excessive police force under the

Fourth Amendment.

62.     At no time did DELEO pose any threat of violence to any Defendant.

63.     As a result of Defendant NUSBAUM's outrageous conduct, Plaintiff required

medical care.

64.     As a further direct and proximate result of Defendant NUSBAUM's conduct,

Plaintiff suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering,

mental anguish, and medical expenses for treatment and care. These losses are either permanent

or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights.

Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment for compensatory damages in excess of $200,000.00;

b.     Judgment for exemplary or punitive damages;

c.     Cost of suit;

d.     Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

e.     Trial by jury as to all issues so triable; and

f.     Such other relief as this Honorable Court may deem just and appropriate.

## **COUNT III**

### **42 U.S.C. § 1983 – Excessive Use of Force By Defendant WILLIAMS**

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 7,  13 and

14 through 33, as if fully set forth herein.

65.     The force used by Defendant WILLIAMS against Plaintiff during the course

of Plaintiff's arrest was objectively inhuman and unnecessary, and constituted the unreasonable

and excessive use of force in violation of Plaintiff's clearly established constitutional rights

under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

66.     Defendant WILLIAMS used unreasonable and excessive force against

Plaintiff, with a depraved indifference to human life and conscious disregard for the safety of the general public, when Defendants WILLIAMS and NUSBAUM forcibly removed Plaintiff from her vehicle and assisted Defendant HOUK in slamming Plaintiff's face/head onto the hood of the vehicle of his car with his forearm on the back of Plaintiff's neck who is small in stature and forcibly put Plaintiff in handcuffs when she was already under the physical control of the Defendants.

67.     Defendant WILLIAMS committed the acts described hereinabove in a gross disregard of Plaintiff's constitutional rights while acting under color of law, and specifically deprived Plaintiff of her constitutional right to be free from excessive police force under the Fourth Amendment.

68.     At no time was DELEO under suspicion of committing any crime. At no time did she pose any threat of violence to any Defendant.

69.     As a result of Defendant WILLIAM's outrageous conduct, Plaintiff required immediate medical care.

70.     As a further direct and proximate result of Defendant WILLIAMS's conduct, Plaintiff suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment for compensatory damages in excess of $200,000.00;

b.     Judgment for exemplary or punitive damages;

c.     Cost of suit;

d.     Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

e.     Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV

### 42 U.S.C. § 1983 - Deliberate Indifference by Defendant CITY

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 8 through 10, 14 through 53, as if fully set forth herein.

71.     Defendant CITY violated the Plaintiff's Fourth Amendment rights by failing to train its deputies to reasonably respond to individuals that are non-threatening and by engaging in policies and practices that caused constitutional violations to people that are non-threatening by inappropriately responding to non-threatening situations with excessive force.

72.     These constitutional violations were caused by Defendant CITY'S lack of training and supervision in regards to deputies having the ability and knowledge to appropriately interact with non-threatening eyewitnesses without causing physical injury.

73.     Defendants HOUK, NUSBAUM, and WILLIAMS knew or should have known that DELEO was non-threatening, and they should have known that any use of force was objectively unreasonable in light of the totality of the circumstances.

74.     The force used by LHPD deputies against Plaintiff DELEO during her arrest was objectively inhuman and unnecessary and constituted the unreasonable and excessive use of force, in violation of the Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

75.     At no time was DELEO under suspicion of committing any crime. At no time did she pose any threat of violence to any Defendant.

76.     As a result of the outrageous conduct of Defendant CITY, Plaintiff required medical attention which included surgery for injuries to her neck and spine.

77.      As a further direct and proximate result of the conduct of Defendant CITY, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and DELEO will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for  services provided.

WHEREFORE, Plaintiff prays for the following relief:

   a.      Judgment for compensatory damages in excess of $200,000.00;

   b.      Cost of suit;

   c.      Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

   d.      Trial by jury as to all issues so triable; and

   e.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V

### Battery Against Defendant HOUK

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 5, 11, and 14 through 33 as if fully set forth herein.

78.      Defendant HOUK's actions against DELEO, when he used unreasonable and excessive force to smash DELEO's face/head down to the hood of the police vehicle first with his hand and then jam his elbow and forearm into the back of her neck and place her in handcuffs, with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of DELEO, and was undertaken in bad faith and with actual malice.

79.      As a further direct and proximate result of the conduct described above, Plaintiff suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent

or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.      Judgment for compensatory damages in excess of $200,000.00;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

e.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI

### Battery Against Defendant NUSBAUM

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 6, 12, and 14 through 33 as if fully set forth herein.

80.      Defendant's NUSBAUM's actions against DELEO, when she used unreasonable and excessive force to grab DELEO by her arm, smash DELEO's face/head down to the hood of the vehicle and allow Defendant HOUK to  jam his elbow and forearm into the back of her neck and place her in handcuffs, with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of DELEO, and was undertaken in bad faith and with actual malice.

81.      As a further direct and proximate result of the conduct described above, Plaintiff suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.      Judgment for compensatory damages in excess of $200,000.00;

b.      Cost of suit;

    c.       Trial by jury as to all issues so triable; and

    d.       Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII

### Battery Against Defendant WILLIAMS

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 7, 13 and 14 through 33, as if fully set forth herein.

82.       Defendant WILLIAM's actions against DELEO, when he used unreasonable and excessive force to grab DELEO by her arm, smash DELEO's face/head down to the hood of the vehicle and allow Defendant HOUK to jam his elbow and forearm into the back of her neck and put her in handcuffs, with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of DELEO, and was undertaken in bad faith and with actual malice.

83.       As a further direct and proximate result of the conduct described above, Plaintiff suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

    a.       Judgment for compensatory damages in excess of $200,000.00;

    b.       Cost of suit;

    c.       Trial by jury as to all issues so triable; and

    d.       Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VIII

### Battery Against Defendant CITY
### (Pleaded in the Alternative Pursuant to Federal Rule of Civil Procedure 8(d)(2).)

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 8 through 10, and 14 through 33 as if fully set forth herein.

84.     Defendants HOUK, NUSBAUM, and WILLIAM's actions against DELEO, when they used unreasonable and excessive force to smash DELEO's face/head down to the hood of the vehicle and have an elbow and forearm jammed into the back of her neck and placed her in handcuffs, constituted an intentional unwelcomed and unprivileged touching of DELEO.

85.     Defendants HOUK, NUSBAUM, and WILLIAMS were acting within the scope of their employment with Defendant CITY.

86.     As a further direct and proximate result of the conduct described above, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and DELEO will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for  services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.     Judgment for compensatory damages in excess of $200,000.00;

b.     Cost of suit;

c.     Trial by jury as to all issues so triable; and

d.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IX

## 42 U.S.C. § 1983 – False Arrest/False Imprisonment Claim Against Defendant HOUK

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 5, 11, and 14 through 33 as if fully set forth herein.

87.     As set forth above, through his direct actions, Defendant HOUK personally

participated in and caused the false arrest and false imprisonment of Plaintiff DELEO.

88.     In an effort to cover up his illegal use of force, unlawful detention, improper handling of the incident involving a non-threatening detainee, and overall gross negligence, Defendant HOUK, with the assistance of other LHPD officers, exaggerated the facts of the incident that occurred on February 4, 2015.

89.     In as much as Defendant HOUK knew or should have known that DELEO was a non-threatening subject, HOUK's actions when arresting DELEO, in the absence of probable cause or arguable probable cause, were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of DELEO.

90.     As a further direct and proximate result of the conduct described above, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and DELEO will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for  services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.     Judgment for compensatory damages in excess of $200,000.00;

b.     Judgment for exemplary or punitive damages;

c.     Cost of suit;

d.     Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

e.     Trial by jury as to all issues so triable; and

f.     Such other relief as this Honorable Court may deem just and appropriate.

## <u>COUNT X</u>

## <u>42 U.S.C. § 1983 – False Arrest/False Imprisonment Claim Against Defendant NUSBAUM</u>

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 6,

12, and 14 through 33 as if fully set forth herein.

91.      As set forth above, through his direct actions, Defendant NUSBAUM

personally participated in and caused the false arrest and false imprisonment of Plaintiff DELEO.

92.      In an effort to cover up her illegal use of force, unlawful detention, improper

handling of the incident involving a non-threatening detainee, and overall gross negligence,

Defendant NUSBAUM, with the assistance of other LHPD officers, exaggerated the facts of the

incident that occurred on February 4, 2015.

93.      In as much as Defendant NUSBAUM knew or should have known that

DELEO was a non-threatening individual, NUSBAUM's actions when arresting DELEO, in the

absence of probable cause or arguable probable cause, were taken without lawful authority.

Therefore, said actions constitute the false arrest and false imprisonment of DELEO.

94.      As a further direct and proximate result of the conduct described above,

Plaintiff DELEO suffered loss of his liberty and freedom, bodily injury and resulting pain and

suffering, mental anguish, and medical expenses for treatment and care. These losses are either

permanent or continuing, and DELEO will suffer the losses in the future, in violation of her civil

rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services

provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.      Judgment for compensatory damages in excess of $200,000.00;

b.      Judgment for exemplary or punitive damages;

c.      Cost of suit;

d.      Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

e.      Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XI**

**42 U.S.C. § 1983 – False Arrest/False Imprisonment Claim Against Defendant WILLIAMS**

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 7, 13, and 14 through 33 as if fully set forth herein.

95.     As set forth above, through his direct actions, Defendant WILLIAMS personally participated in and caused the false arrest and false imprisonment of Plaintiff DELEO.

96.     In an effort to cover up his illegal use of force, unlawful detention, improper handling of the incident involving a non-threatening detainee, and overall gross negligence, Defendant WILLIAMS, with the assistance of other LHPD officers, exaggerated the facts of the incident that occurred on February 4, 2015.

97.     In as much as Defendant WILLIAMS knew or should have known that DELEO was a non-threatening individual, WILLIAMS's actions when arresting DELEO, in the absence of probable cause or arguable probable cause, were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of DELEO. As a further direct and proximate result of the conduct described above, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and DELEO will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

     a.     Judgment for compensatory damages in excess of $200,000.00;

     b.     Judgment for exemplary or punitive damages;

     c.     Cost of suit;

     d.     Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

     e.     Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XII

### 42 U.S.C. § 1983 – False Arrest/False Imprisonment Claim Against Defendant CITY

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4,  8 through 10, and 14 through 51 as if fully set forth herein.

98.     As set forth above, through their direct actions, Defendants HOUK, NUSBAUM, and WILLIAMS personally participated in and caused the false arrest and false imprisonment of DELEO.

99.     In an effort to cover up their illegal use of force, unlawful detention, improper handling of the incident involving a non-threatening detainee, and overall gross negligence, Defendants HOUK, NUSBAUM, and WILLIAMS, with the assistance of other LHPD officers, exaggerated the facts of the incident that occurred on February 4, 2015.

100.    In as much as Defendants HOUK, NUSBAUM, and WILLIAMS knew or should have known that DELEO was a non-threatening detainee, HOUK, NUSBAUM, and WILLIAM's actions when arresting DELEO, in the absence of probable cause or arguable probable cause, were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of DELEO.

101.    Defendants HOUK, NUSBAUM, and WILLIAMS were acting within the scope of their employment with LHPD.

102.    As a further direct and proximate result of the conduct described above, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

      a.      Judgment for compensatory damages in excess of $200,000.00;

      b.      Cost of suit;

      c.      Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

      d.      Trial by jury as to all issues so triable; and

      e.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIII

### Malicious Prosecution Against Defendant HOUK

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 5, 11, and 14 through 33 as if fully set forth herein.

103.      Defendant HOUK wrongfully caused criminal proceedings to be instituted against Plaintiff DELEO with malice and absence of probable cause, or arguable probable cause, by submitting police reports to prosecuting authorities containing false statements and/or material omissions, which reports were relied upon by prosecuting authorities.

104.      Based on the elaborate story Defendant HOUK fabricated, the State Attorney's Office brought two (2) criminal charges against Plaintiff, namely one count of Driving Under the Influence and one count of Resisting Officer without Violence. These charges were ultimately dismissed (No Information filed on March 26, 2015) by the State Attorney's Office.

105.      As a direct and proximate result of the conduct of Defendant HOUK, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.      Judgment for compensatory damages in excess of $200,000.00;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XVII

### Malicious Prosecution Against Defendant NUSBAUM

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 6, 12, and 14 through 33 as if fully set forth herein.

106.      Defendant NUSBAUM wrongfully caused criminal proceedings to be instituted against Plaintiff DELEO with malice and absence of probable cause, or arguable probable cause, by submitting police reports to prosecuting authorities containing false statements and/or material omissions, which reports were relied upon by prosecuting authorities.

107.      Based on the elaborate story Defendant NUSBAUM fabricated, the State Attorney's Office brought two (2) criminal charges against Plaintiff, namely one count of Driving Under the Influence and one count of Resisting Officer without Violence. These charges were ultimately dismissed (No Information filed on March 26, 2015) by the State Attorney's Office.

108.      As a direct and proximate result of the conduct of Defendant NUSBAUM, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.      Judgment for compensatory damages in excess of $200,000.00;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XVIII

### Malicious Prosecution Against Defendant WILLIAMS

Plaintiff DELEO realleges the allegations contained in Paragraphs 1 through 4, 7, 13, and 14 through 33 as if fully set forth herein.

109.    Defendant WILLIAMS wrongfully caused criminal proceedings to be instituted against Plaintiff DELEO with malice and absence of probable cause, or arguable probable cause, by submitting police reports to prosecuting authorities containing false statements and/or material omissions, which reports were relied upon by prosecuting authorities.

110.    Based on the elaborate story Defendant WILLIAMS fabricated, the State Attorney's Office brought two (2) criminal charges against Plaintiff, namely one count of Driving Under the Influence and one count of Resisting Officer without Violence. These charges were ultimately dismissed (No Information filed on March 26, 2015) by the State Attorney's Office.

111.    As a direct and proximate result of the conduct of Defendant WILLIAMS, Plaintiff DELEO suffered loss of her liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff DELEO prays for the following relief:

a.      Judgment for compensatory damages in excess of $200,000.00;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DELEO prays that the Court:

(a)     Declare that Defendants' acts and conduct constituted violations of the Fourth and Fourteenth Amendments of the U.S. Constitution under 42 U.S.C. §§ 1983.

(b)     Judgment in Plaintiff's favor as to all claims for relief.

(c)     Award compensatory damages for the injuries ANN TRACY DELEO sustained due to Defendants' conduct, for all economic and non-economic damages for medical costs, pain, suffering, humiliation and emotional distress.

(d)     Award punitive and exemplary damages, pre-judgment interest, post-judgment interest, costs, and other reasonable expenses incurred in maintaining this action, and the reasonable attorney's fees and costs incurred in maintaining this action.

(e)     All other relief in law or equity to which Plaintiff is entitled and that the Court deems equitable, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues within this Amended Complaint.

Respectfully submitted this 8th day of April, 2019.

/s/ Craig J. Brown
CRAIG J. BROWN, ESQUIRE
FBN:0566896
The Law Offices of Craig J. Brown, P.A.
2344 Hansen Lane, Unit 2
Tallahassee, FL 32301
(850)580-1529 Telephone
(850)580-2529 Facsimile
cbrown@cjb-law.com

ATTORNEYS FOR PLAINTIFF